**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| CHUKS NWANKWO ) | Case Number 25 33470 |
| ) | |
| Plaintiff ) | Chapter 7 |
| ) | |
| v. ) | Adv. Pro. No. |
| ) | |
| NELNET SERVICING LLC ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S  COMPLAINT

Plaintiff Chuks Nwankwo, by and through his undersigned counsel, hereby file this complaint upon personal knowledge as to those matters within their knowledge, and upon information and belief as to all other matters, as follows:

### I.

### PARTIES

1.      CHUKS NWANKWO is an individual and a resident of this district who filed for relief under Title 11 in this Court in 2025.

2. NELNET SERVICING LLC a business entity that in the ordinary course of business regularly, on behalf of itself or others, engages in the servicing and collection of consumer debt. NELNET SERVICING LLC. is a national company with its principal place of business in Lincoln, Nebraska.  NELNET SERVICING LLC, is authorized to do business in the State of Texas and may be served through its registered agent CSC-Lawyers Incorporation Service Company, 1999 Bryan Street, Suite 900, Dallas TX 75201

## III.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b) and 1332.[1] This is a core proceeding under Title 11 because it concerns a determination as to the dischargeability of a debt. Furthermore, this Court has supplemental jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1367 because the additional claims are related to the core proceeding.

4.      This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C § 105 and Federal Rules of Bankruptcy Procedure Rule 7001(9).

5.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## IV.

## STATEMENT OF FACTS

A.  Section 523(a)(8) Of The Bankruptcy Code.

6.      In 1978, there was a growing concern that students were taking advantage of the Bankruptcy Code by incurring extensive student loan debt and then declaring bankruptcy soon after graduation.  In response, Congress enacted section 523(a)(8) of the Bankruptcy Code to prohibit the discharge of federal student loans during the first five years of repayment (unless payment would constitute an undue hardship). Through a series

---

[1] *In re Wilborn,* 609 F.3d 748, 754 (5th Cir. 2010) ("[C]lass action proceedings are expressly allowed in the Federal Bankruptcy Rules, which provide that the requirements for class actions under Federal Rule of Civil Procedure 23 apply in adversary proceedings. *See* Fed. R. Bankr.P. 7023. Although a federal rule may not extend a court's jurisdiction, its intended purpose should be upheld so long as it otherwise offends no substantive rights. We see no such result here. On the contrary, if bankruptcy court jurisdiction is not permitted over a class action of debtors, Rule 7023 is virtually read out of the rules.").

of amendments, which first lengthened and then eliminated the five-year non-dischargeability time frame, it has become increasingly difficult for debtors to attain discharges of their student loan debts.

1. **The Application Of Section 523(a)(8).**

7.     Prior to 2005, section 523(a)(8) was easy to apply because the exception to dischargeability was absolute.  If a student loan was issued or guaranteed by the federal government, it was non-dischargeable absent a showing of "undue hardship."

8.     When a debtor files a bankruptcy petition, the debtor includes all unsecured debts on a Schedule F form, listing only the amount of the debt, the name of the creditor, and the consideration received.  After demonstrating compliance with the Bankruptcy Code, a court then issues an order discharging all pre-petition debts listed on the bankruptcy petition except for those listed in section 523(a).[2]  Importantly, the discharge order does not specifically state which loans, if any, are presumptively excepted from discharge. Rather, it states that the order does not discharge some debts, including "debts for most student loans."

9.     If a creditor believes that a debt they hold is excepted from discharge, it is their legal burden to prove that the debt is encompassed by section 523(a)(8).[3]  Once the

---

[2] 11 U.S.C.A. § 727(b) ("Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter.").

[3] *Owens v. Owens,* 155 F. App'x 42, 43 (2d Cir. 2005) ("It is the creditor seeking an exception to discharge who bears the burden of proving facts coming within one of the § 523 exceptions."); *In re Renshaw,* 222 F.3d 82, 86 (2d Cir. 2000) ("Because bankruptcy is both a right of the debtor, and a remedy for the creditor . . . a proper balancing of those competing interests requires the creditor to prove by a preponderance of the evidence that its claim is one that is not dischargeable."); *In re Metcha,* 310 F.3d 308, 311 (3d. Cir 2002) (stating that creditor opposing discharge has burden of establishing that the obligation is an educational loan under section 523(a)(8)).

creditor proves the debt is presumptively non-dischargeable, the burden then shifts to the debtor to prove that repaying the debt would constitute an "undue hardship."[4]  Absent an adversary proceeding, any educational debt not encompassed by section 523(a)(8) is automatically and as a matter of law discharged upon entry of the discharge order.[5]

### 2.  <u>Undue hardship elements</u>

The Fifth Circuit applies the three-prong Brunner test to evaluate whether a debtor meets the undue hardship standard. Under this test, the debtor must prove: (1) they cannot maintain a minimal standard of living for themselves and their dependents if forced to repay the loans; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period; and (3) they have made good faith efforts to repay the loans. *See, Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987)

Here, in this matter, the Plaintiff Debtor owes approximately $131,046.41 that will not be discharged unless he can establish undue hardship. See, Exhibit A. He has had several businesses fail and filed chapter 7.  He has a pending ch 7 personal case that is likely be discharged. All sources of income have dried up and he has no ability to obtain funds from friends and family to pay the bills. Even should he regain employment in the near future,

---

[4] *See In re Bronsdon,* 435 B.R. 791, 796 (B.A.P. 1st Cir. 2010) ("The creditor bears the initial burden of establishing that the debt is of the type excepted from discharge under § 523(a)(8). Once the showing is made, the burden shifts to the debtor to prove that excepting the student loan debt from discharge will cause the debtor and her dependents 'undue hardship.'").

[5] *In re Meyer,* No. 15-13193, 2016 WL 3251622, at *2 (Bankr. N.D. Ohio June 6, 2016) ("For the reasons stated in the debtor's motions and the *Decena* decision, the Court finds that the debtor's student loans were discharged on September 16, 2015, because they do not fall within 11 U.S.C. § 523(a)(8). The Court further finds that the student loan servicers violated the discharge injunction of § 524(a)(2) by attempting to collect on the student loan accounts after the date of the debtor's discharge.").

he has six dependents to care for that will make it difficult for him to maintain a steady payment for his student loan. He paid more than the original amount owed for the student loan which establishes his good faith effort to pay the loan back.

## VI.

## CLAIMS FOR RELIEF

### Count One: Dischargeability under section 523(A)(8)

10.     Plaintiffs hereby incorporate the allegations in the preceding paragraphs as if fully set forth herein.

11.     Plaintiffs request that the court finds they have met the undue hardship elements under Bruner and discharges their student loan debt with the Defendant.

## PRAYER

12.     In light of the foregoing, Plaintiff requests that Defendant be cited to appear and judgment be entered against Defendant for:

(1)     Discharging the student loan debt of the Plaintiff

(2)     injunctive relief prohibiting Defendant from continuing to seek collection on discharged debts;

(3)     attorneys' fees and costs to the fullest extent permitted under the law;

(4)     prepetition and post-judgment interest; and

(5)     other such relief as the Court deems just and proper.

Respectfully submitted,

By:    _Ku S_____

Keith Cothroll
The Law Firm of Keith A Cothroll, PLLC
TEXAS BAR NO. 24050454
8215 Long Point Rd Ste 8

Houston, TX 77055
(832) 402-4440 Telephone
(832) 550-2140  Fax
kcothroll@cothlaw.com